1997 ME 118

**Dorothy R. POMEROY et al.,**

v.

**Benjamin GLIDDEN.**

Supreme Judicial Court of Maine.

Submitted on Briefs April 18, 1997.

Decided May 28, 1997.

---

Martha J. Harris, Paine, Lynch & Harris, P.A., Bangor, for plaintiffs.

Barbara A. Cardone, David C. King, Rudman & Winchell, Bangor, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

[¶ 1] Dorothy R. Pomeroy and Kenneth Pomeroy appeal from the judgment entered on a jury verdict in the Superior Court (Penobscot County, *Mills, J.*) against Benjamin Glidden in their action against Glidden seeking damages resulting from his negligent driving. They argue that the court committed a number of errors, including its decision to permit Glidden's wife to sit with him at the counsel table during the trial and its denial of their motions to amend the verdict or grant a new trial. We affirm the judgment.

[¶ 2] This case stems from a 1991 accident in which Glidden struck Dorothy with his car as she was walking in a Bangor parking lot. The jury found that both Dorothy and Glidden were negligent, though Dorothy's negligence was less than Glidden's. It set Dorothy's total damages at $125,000 but reduced the final award to $18,000.

[¶ 3] The Pomeroys contend the court erred by permitting Glidden's wife to sit with him at the counsel table during the trial. We disagree. The court has wide discretion to control the conduct of a trial, and nothing in the record before us suggests that Mrs. Glidden's presence at the counsel table unfairly influenced the jury. *See also* Sonja A. Soehnel, *Propriety and Prejudicial Effect of Permitting Nonparty to be Seated at Counsel Table*, 87 A.L.R.3d 238 (1978 & Supp.1996); 75 Am.Jur.2d Trial § 185 (1991 & Supp. 1996).

[¶ 4] The Pomeroys also argue the court erred by denying their motions to amend the jury verdict or to grant a new trial. They contend that the jury's award is "against the weight of the evidence" and "without rational explanation" because even if Dorothy was partially at fault for the accident, her relative blameworthiness was not such as to reduce her damages from $125,000 to $18,000. We disagree. In *Pelletier v. Fort Kent Golf Club*, 662 A.2d 220 (Me.1995), we concluded that Maine's comparative negligence statute, 14 M.R.S.A. § 156 (1980), "allows a jury to award damages in disproportion to its determination of liability." *Id.* at 223. We recognized that the statute dictates that the jury should not be governed by percentages in reducing a damage award and instead is directed to reduce the award "to the extent deemed just and equitable." *Id.* The Pomeroys' reliance on the disproportionality of the award to Dorothy's total damages is unavailing.

[¶ 5] The Pomeroys' other arguments on appeal do not require discussion.

The entry is:

Judgment affirmed.